SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
TERESA K.B. BEECHAM (Cal. Bar No. 251101)
Special Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 955-0268
     Facsimile: (951) 276-6202
     E-mail:   Teresa.Beecham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>DEREK LORENZO LONGORIA,<br>  aka "modernfaith@hotmail.com,"<br><br>          Defendant. | No. ED CR 16-135(A)-JGB<br><br>PLEA AGREEMENT FOR DEFENDANT<br>DEREK LORENZO LONGORIA |

     1.   This constitutes the plea agreement between DEREK LORENZO LONGORIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    RULE 11(c)(1)(C) AGREEMENT

     2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Accordingly, defendant understands that, if the Court determines that

it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 25, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 28 and 29 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Three (3) of the First Superseding Indictment in <u>United States v. Derek Lorenzo Longoria</u>, No. ED CR 16-135(A)-JGB, which charges defendant with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.  The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment;

ii.   The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex

3

offender treatment program as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations physiological testing, such as polygraph and Abel testing.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

iii. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

iv.  The defendant shall not view or possess any materials with depictions of "sexually explicit conduct" involving children, as defined in 18 U.S.C. § 2256(2.)

v.   The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider or the Probation Officer has approved of his possession of the material in advance;

vi.  The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person

4

under the age of 18, except:  a)  in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

vii. The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18, unless the defendant receives written permission from the Probation Officer;

viii.    The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18, without prior approval of the United States Probation Office;

ix.  The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2);

x.    The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer;

xi.  The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-

1   approved by the Probation Officer.  The defendant shall submit the

2   name and address of the proposed employer to the Probation Officer at

3   least 10 days prior to any scheduled change;

4            xii. The defendant shall not reside within direct view

5   of school yards, parks, public swimming pools, playgrounds, youth

6   centers, video arcade facilities, or other places primarily used by

7   persons under the age of 18.  The defendant's residence shall be

8   approved by the Probation Officer, and any change in residence must

9   be pre-approved by the Probation Officer.  The defendant shall submit

10  the address of the proposed residence to the Probation Officer at

11  least 10 days prior to any scheduled move;

12           xiii.    The defendant shall submit his person, and

13  any property, house, residence, vehicle, papers, computer, other

14  electronic communication or data storage devices or media, and his

15  effects to search at any time, with or without a warrant, by any law

16  enforcement or Probation Officer with reasonable suspicion concerning

17  a violation of a condition of supervised release or unlawful conduct

18  by the defendant, and by any Probation Officer in the lawful

19  discharge of the officer's supervision functions;

20           xiv. The defendant shall possess and use only those

21  computers and computer-related devices, screen user names, passwords,

22  email accounts, and internet service providers (ISPs), which have

23  been disclosed to the Probation Officer upon commencement of

24  supervision.  Any changes or additions are to be disclosed to the

25  Probation Officer prior to the first use.  Computers and computer-

26  related devices are personal computers, personal data assistants

27  (PDAs), internet appliances, electronic games, cellular telephones,

28  and digital storage media, as well as their peripheral equipment,

6

1 that can access, or can be modified to access, the internet,
2 electronic bulletin boards, and other computers;

3          xv.  All computers, computer-related devices, and
4 their peripheral equipment, used by the defendant shall be subject to
5 search and seizure.  This shall not apply to items used at the
6 employment's site, which are maintained and monitored by the
7 employer; and

8          xvi. The defendant shall comply with the rules and
9 regulations of the Computer Monitoring Program.  The defendant shall
10 pay the cost of the Computer Monitoring Program, in an amount not to
11 exceed $32 per month per device connected to the internet.

12                      THE USAO'S OBLIGATIONS
13     4.   The USAO agrees to:

14     a.   Not contest facts agreed to in this agreement.

15     b.   Abide by all agreements regarding sentencing contained
16 in this agreement and affirmatively recommend to the Court that it
17 impose sentence in accordance with paragraph 17 of this agreement.

18     c.   At the time of sentencing, provided that defendant
19 demonstrates an acceptance of responsibility for the offense up to
20 and including the time of sentencing, recommend a two-level reduction
21 in the applicable Sentencing Guidelines offense level, pursuant to
22 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
23 additional one-level reduction if available under that section.

24     d.   Except for criminal tax violations (including
25 conspiracy to commit such violations chargeable under 18 U.S.C.
26 § 371), not further criminally prosecute defendant for federal
27 offenses arising out of defendant's conduct described in the agreed-
28 to factual basis set forth in paragraph 13 below.  Defendant

7

understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

5.    Defendant understands that for defendant to be guilty of the crime charged in Count Three (3) of the First Superseding Indictment, that is, Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b), the following must be true: 1) defendant traveled in interstate or foreign commerce; and (2) defendant did so with the intent to engage in illicit sexual conduct.

PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2423(b), is: thirty years imprisonment; a lifetime period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2423(b), is: a five-year period of supervised release and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

8

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10.   Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and (b) any counts

dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties recognize and agree that the applicable restitution amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant understands that the applicable amount of restitution may reflect demands for restitution made by victims who have not yet sought restitution in this case.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction

1  in this case.   Defendant understands that unexpected immigration

2  consequences will not serve as grounds to withdraw defendant's guilty

3  plea.

4  <u>FACTUAL BASIS</u>

5      13.   Defendant admits that defendant is, in fact, guilty of the

6  offense to which defendant is agreeing to plead guilty.   Defendant

7  and the USAO agree to the statement of facts provided below and agree

8  that this statement of facts is sufficient to support a plea of

9  guilty to the charge described in this agreement but is not meant to

10  be a complete recitation of all facts relevant to the underlying

11  criminal conduct or all facts known to either party that relate to

12  that conduct.

13      In September 2011 and again in January 2012, defendant, who was

14  23 years' old at the time, traveled from Riverside County,

15  California, to the United Kingdom with the intention of engaging in

16  sexual activity with L.N., a minor girl who defendant knew to be

17  under the age of 16 at the time of these two trips to the United

18  Kingdom.   During his January 2012 trip to the United Kingdom,

19  defendant met L.N. and engaged in sexual activity with L.N.   In

20  particular, defendant video-recorded L.N. orally copulating defendant

21  during his January 2012 trip to the United Kingdom.   Defendant stored

22  this video on his 16 GB PNY USB Flash Drive and on his AT&T Apple

23  iPhone 4s bearing serial number C36GWVNPDPMW.   Defendant transported

24  the video footage of the sexual act from the United Kingdom to

25  Riverside County, California when he returned home after his January

26  2012 trip to the United Kingdom.

27      Additionally, defendant communicated with L.N. over a two-year

28  period, from in or about 2010 through on or about January 5, 2012,

over the internet and telephone.  During this period, defendant resided in Murrieta, California and L.N. resided in the United Kingdom.  During this period, defendant repeatedly solicited from L.N. sexually explicit photographs and videos of L.N.  In particular, defendant requested that L.N. take and send defendant pictures and videos that depicted L.N., including L.N.'s breasts, in a sexually explicit manner.  Defendant instructed and persuaded L.N. to send these images and videos to him via webcam and online messaging applications.  L.N. took and sent the images and videos requested by the defendant.

During his communications with L.N., defendant also attempted to persuade and induce L.N. to engage in sexual activity with him, including orally copulating him, during his two in-person visits with L.N. in the United Kingdom.  Defendant's sexual activity with L.N. during his January 2012 visit constituted a crime in the United Kingdom, namely, Sexual Activity with a Child, in violation of the United Kingdom's Sexual Offense Act of 2003 (c. 42), Part 1, Section 9(1).  Defendant attempted to induce and persuade L.N. to engage in sexual activity with him during this visit to the United Kingdom by visiting the United Kingdom on two occasions and by sending the following text messages:

On or about May 10, 2011 through on or about May 11, 2011, via text message on his cellular device, defendant sent the following text messages to L.N.:

LONGORIA: ing u so much its hard not too <3 I know if u were 16 then no problem cuz the law over there is okay x hmmm if we met sooner id have to be discreet? Idk,3

LONGORIA: e would both be in the shower ;) hehe xxxxx also if ur like me then u really want that questioned answer more then the rest of wat we were saying huh? <3xxxxx

12

1

LONGORIA: But I don't like saying that cuz it makes me feel
more peedoish lol

2

3

LONGORIA: Haha it seems like u really want to meet as much
as I do :) cuz surely u sounded like u can't wait till 16
lmao I know cuz that prom thing I would total

4

5   On or about August 5, 2011, through on or about August 6, 2011,

6   via text message on his cellular device, defendant sent the following

7   text message to L.N.:  "LONGORIA: Life with me too :) x yea I hear

8   yea but dont have to be scared its once out of a million who knows I

9   don't think anything bad would happen unless we get caught."

10   Additionally, on March 25, 2015, defendant knowingly possessed a

11   video of child pornography depicting an additional minor victim

12   previously identified by the National Center for Missing and

13   Exploited Children, on his Asus K52F Notebook bearing serial number

14   B2N0BC01425205E.  At the time defendant produced and possessed this

15   child pornography, defendant knew that the images were visual

16   depictions of minors engaged in sexually explicit conduct, and that

17   production of such visual depictions involved the use of a minor in

18   sexually explicit conduct.  Moreover, the images of child pornography

19   that defendant produced and possessed had been mailed, or shipped, or

20   transported in interstate or foreign commerce by computer.

21                         SENTENCING FACTORS

22   14.  Defendant understands that in determining defendant's

23   sentence the Court is required to calculate the applicable Sentencing

24   Guidelines range and to consider that range, possible departures

25   under the Sentencing Guidelines, and the other sentencing factors set

26   forth in 18 U.S.C. § 3553(a). Defendant understands that the

27   Sentencing Guidelines are advisory only.

28

13

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 32 | [U.S.S.G. § 2G2.1(a)] |
| Specific Offense Characteristics | | | |
| Age of Victim | : | +2 | [U.S.S.G. § 2G2.1(b)(1)(B)] |
| Sexual Act | : | +2 | [U.S.S.G. § 2G2.1(b)(2)(A)] |
| Use of Computer | : | +2 | [U.S.S.G. § 2G2.1(b)(6)(B)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. §§ 3E1.1(a), (b)] |

16.   The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

17.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is between 84 to 120 months' imprisonment; a ten year period of supervised release with conditions to be fixed by the Court as well as the conditions set forth in paragraph 3(i), above; $100 special assessment; and restitution as set by the Court. The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court.

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

WAIVER OF CONSTITUTIONAL RIGHTS

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

1              c.    The right to be represented by counsel -- and if

2    necessary have the court appoint counsel -- at trial.  Defendant

3    understands, however, that, defendant retains the right to be

4    represented by counsel -- and if necessary have the court appoint

5    counsel -- at every other stage of the proceeding.

6              d.    The right to be presumed innocent and to have the

7    burden of proof placed on the government to prove defendant guilty

8    beyond a reasonable doubt.

9              e.    The right to confront and cross-examine witnesses

10   against defendant.

11             f.    The right to testify and to present evidence in

12   opposition to the charges, including the right to compel the

13   attendance of witnesses to testify.

14             g.    The right not to be compelled to testify, and, if

15   defendant chose not to testify or present evidence, to have that

16   choice not be used against defendant.

17             h.    Any and all rights to pursue any affirmative defenses,

18   Fourth Amendment or Fifth Amendment claims, and other pretrial

19   motions that have been filed or could be filed.

20                     WAIVER OF RETURN OF DIGITAL DATA

21        20.  Understanding that the government has in its possession

22   digital devices and/or digital media seized from defendant, defendant

23   waives any right to the return of digital data contained on those

24   digital devices and/or digital media and agrees that if any of these

25   digital devices and/or digital media are returned to defendant, the

26   government may delete all digital data from those digital devices

27   and/or digital media before they are returned to defendant.

28

1

## WAIVER OF APPEAL OF CONVICTION

2      21.   Defendant understands that, with the exception of an appeal
3 based on a claim that defendant's guilty plea was involuntary, by
4 pleading guilty defendant is waiving and giving up any right to
5 appeal defendant's conviction on the offense to which defendant is
6 pleading guilty.

7

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8      22.   Defendant agrees that, provided the Court imposes the
9 sentence specified in paragraph 17 above, defendant gives up the
10 right to appeal all of the following: (a) the procedures and
11 calculations used to determine and impose any portion of the
12 sentence; (b) the term of imprisonment imposed by the Court; (c) the
13 fine imposed by the court, provided it is within the statutory
14 maximum; (d) the amount and terms of any restitution order; (e) the
15 term of probation or supervised release imposed by the Court,
16 provided it is within the statutory maximum; and (f) any of the
17 following conditions of probation or supervised release imposed by
18 the Court: the conditions set forth in General Orders 318, 01-05,
19 and/or 05-02 of this Court; the drug testing conditions mandated by
20 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use
21 conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions
22 of probation or supervised release agreed to by defendant in
23 paragraph 3 above.

24      23.   Defendant also gives up any right to bring a post-
25 conviction collateral attack on the conviction or sentence, including
26 any order of restitution, except a post-conviction collateral attack
27 based on a claim of ineffective assistance of counsel, a claim of
28 newly discovered evidence, or an explicitly retroactive change in the

applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

24.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 17 above, the USAO gives up its right to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

25.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or any of the sentencing enhancements imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

17

## EFFECTIVE DATE OF AGREEMENT

27.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

28.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

29.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

30.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence.  While this

paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 15 and 17 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

33.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        34.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  SANDRA R. BROWN
   Acting United States Attorney

9

10

11  _____            11/21/17
    TERESA K.B. BEECHAM                   _____
    Special Assistant United States        Date
12  Attorney

13  _____            11/20/17
    DEREK LORENZO LONGORIA                _____
14  Defendant                               Date

15  _____            11/20/17
    ANTHONY SOLIS                         _____
16  Attorney for Defendant                  Date
    DEREK LORENZO LONGORIA

17

18

19

20

21

22

23

24

25

26

27

28

                              21

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

DEREK LORENZO LONGORIA                    Date   11/20/17
Defendant

Scanned by CamScanner

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2    I am DEREK LORENZO LONGORIA's attorney.  I have carefully and
3  thoroughly discussed every part of this agreement with my client.
4  Further, I have fully advised my client of his rights, of possible
5  pretrial motions that might be filed, of possible defenses that might
6  be asserted either prior to or at trial, of the sentencing factors
7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
8  provisions, and of the consequences of entering into this agreement.
9  To my knowledge: no promises, inducements, or representations of any
10 kind have been made to my client other than those contained in this
11 agreement; no one has threatened or forced my client in any way to
12 enter into this agreement; my client's decision to enter into this
13 agreement is an informed and voluntary one; and the factual basis set
14 forth in this agreement is sufficient to support my client's entry of
15 a guilty plea pursuant to this agreement.

16
17 _____        11/20/17
   ANTHONY SOLIS                            Date
   Attorney for Defendant
18 DEREK LORENZO LONGORIA

19

20

21

22

23

24

25

26

27

28