NICOLA T. HANNA
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
PETER KIM (Cal. Bar No. 244406)
Special Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (213) 393-7271
    Facsimile: (951) 276-6202
    E-mail:    Peter.Kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>DEREK LORENZO LONGORIA,<br><br>    Defendant. | No. ED CR 16-135-JGB<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT DEREK LORENZO LONGORIA<br><br>Hearing Date: July 16, 2018<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Hon. Jesus G. Bernal |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant DEREK LORENZO LONGORIA.

//

//

//

//

//

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report that was prepared by the United States Probation Office ("USPO"), the USPO's letter regarding sentencing, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: August ___, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
PETER KIM
Special Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On October 20, 2017, Derek Lorenzo Longoria ("defendant") entered a plea of guilty to Count Three of a five-count indictment. Count Three charged him with a violation of Title 18, United States Code, Section 2423(b): Travel with Intent to Engage in Illicit Conduct.

A Presentence Investigation Report ("PSR"), produced by the United States Probation Office ("USPO"), has concluded defendant's sentencing offense level is 35, his criminal history category is I, and that the sentencing range for this offense is 168 to 210 months. (PSR at 3.)  The USPO recommends a sentence commensurate with a variance from the advisory range, 84 months' of prison, followed by 10 years of supervised release.

Under the 18 U.S.C. § 3553(a) factors, the government agrees with probation that a sentence below the Guidelines range, followed by 10 years of supervised release, is an appropriate sentence.  But the government disagrees with probation about how long the sentence should be.  The government believes that 96 months' imprisonment is the appropriate term of imprisonment.  The downward variance recommended by the government is due to defendant's acceptance of responsibility for the offense, cooperativeness during the investigation, his relatively young age, his personal background and health issues, and his complete lack of criminal history.  These mitigating circumstances need to be considered alongside the aggravating circumstances present, including the gravity and seriousness of the offense.  Defendant travelled from his home to another country with the intent to engage in sexual activity and

ultimately engaged in sexual activity with a minor who was significantly younger than him; this indicates that he poses a substantial danger to public safety.  Defendant's sexual interest in his minor victim was not isolated; other evidence before the Court demonstrates that he had a generalized sexual interest in children.  Accordingly, 96 months' imprisonment is a just and appropriate sentence for defendant's conduct.

## II.  THE OFFENSE CONDUCT

### A.  Victim Statements

In February of 2014, the victim participated in an interview as part of the investigation.  During that interview, she stated that she met defendant while playing online games when she was 13 years old.  She stated that the relationship continued for approximately two years.  During that time, she stated that defendant had her take indecent photographs and indecent videos of herself and send them to him via webcam and online messaging applications.  Pursuant to defendant's requests, the victim sent numerous images and videos of herself to him.  These included images that depicted the victim's breasts and vaginal area.  During the course of the relationship, defendant traveled to the United Kingdom two times to meet the victim in person.  She stated that she was between the ages of 14 and 15 years old during the two times that she met the defendant.  According to the victim, defendant travelled to the United Kingdom to engage in sexual activity with the victim.  Upon meeting the victim, defendant engaged in sexual activity with the victim on at least one of his visits.  Specifically, defendant had the victim orally copulate him.

### B.  Change of Plea Admissions

Defendant admitted as follows during his change of plea hearing:

In September 2011 and again in January 2012, defendant, who was 23 years' old at the time, traveled from Riverside County, California, to the United Kingdom with the intention of engaging in sexual activity with L.N., a minor girl who defendant knew to be under the age of 16 at the time of these two trips to the United Kingdom. During his January 2012 trip to the United Kingdom, defendant met L.N. and engaged in sexual activity with L.N. In particular, defendant video-recorded L.N. orally copulating defendant during his January 2012 trip to the United Kingdom. Defendant stored this video on his 16 GB PNY USB Flash Drive and on his AT&T Apple iPhone 4s bearing serial number C36GWVNPDPMW. Defendant transported the video footage of the sexual act from the United Kingdom to Riverside County, California when he returned home after his January 2012 trip to the United Kingdom.

Additionally, defendant communicated with L.N. over a two-year period, from in or about 2010 through on or about January 5, 2012, over the internet and telephone. During this period, defendant resided in Murrieta, California and L.N. resided in the United Kingdom. During this period, defendant repeatedly solicited from L.N. sexually explicit photographs and videos of L.N. In particular, defendant requested that L.N. take and send defendant pictures and videos that depicted L.N.'s breasts, in a sexually explicit manner. Defendant instructed and persuaded L.N. to send these images and videos to him via webcam and online

messaging applications. L.N. took and sent the images and videos requested by the defendant.

During his communications with L.N., defendant also attempted to persuade and induce L.N. to engage in sexual activity with him, including orally copulating him, during his two in-person visits with L.N. in the United Kingdom. Defendant's sexual activity with L.N. during his January 2012 visit constituted a crime in the United Kingdom, namely, Sexual Activity with a Child, in violation of the United Kingdom's Sexual Offense Act of 2003 (c. 42), Part 1, Section 9(1). Defendant attempted to induce and persuade L.N. to engage in sexual activity with him during this visit to the United Kingdom by visiting the United Kingdom on two occasions and by sending the following text messages:

On or about May 10, 2011 through on or about May 11, 2011, via text message on his cellular device, defendant sent the following text messages to L.N.:

> LONGORIA: ing u so much its hard not too <3 I now if u were 16 then no problem cuz the law over there is okay x hmmm if we met sooner id have to be discreet? Idk, 3

> LONGORIA: e would both be in the shower ;) hehe xxxxx also if ur like me then u really want that questioned answer more then the rest of wat we were saying huh? <3xxxxx

> LONGORIA: But I don't like saying that cuz it makes me feel more peedoish lol

> LONGORIA: Haha it seems like u really want to meet as much as I do :) cuz surely u sounded like u can't wait till 16 lmao I know cuz that prom thing I would total

4

On or about August 5, 2011, through on or about August 6, 2011, via text message on his cellular device, defendant sent the following text message to L.N.: "LONGORIA: Life with me too :) x yea I hear yea but don't have to be scared its once out of a million who knows I don't think anything bad would happen unless we get caught."

Additionally, on March 25, 2015, defendant knowingly possessed a video of child pornography depicting an additional minor victim previously identified by the National Center for Missing and Exploited Children, on his Asus K52F Notebook bearing serial number B2N0BC1425205E. At the time defendant produced and possessed this child pornography, defendant knew that the images were visual depictions of minors engaged in sexually explicit conduct, and that the production of such visual depictions involved the use of a minor in sexually explicit conduct. Moreover, the images of child pornography that defendant produced and possessed had been mailed, or shipped, or transported in interstate or foreign commerce by computer.

### III. THE PLEA AGREEMENT

Pursuant to the terms of the binding Rule 11(c)(1)(C) plea agreement, the parties agreed to a sentence between 84 to 120 months' (7 to 10 years) imprisonment.

The government agreed in the plea agreement that at the time of sentencing, provided that defendant demonstrates acceptance of responsibility for the offense, to recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1, and, if necessary, move for an additional one-level

reduction if available under that section. The government hereby moves for a three-level adjustment pursuant to U.S.S.G. §§ 3E1.1(a), (b).

**IV. THE PRESENTENCE INVESTIGATION REPORT**

On June 6, 2018, the USPO disclosed the PSR to the parties. Using the November 1, 2016 edition of the United States Sentencing Guidelines, the PSR concluded that the appropriate offense level is 35. (PSR at 3.) The PSR further concluded that defendant should receive a 3-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (PSR at 3.)

With respect to defendant's criminal history, the PSR concluded that defendant had a criminal history score of zero, resulting in a criminal history category of I. (PSR at 3.) The government has no objections to the USPO's criminal history calculation and concurs with the finding.

The PSR concluded that the defendant's advisory guidelines range is 168 to 210 months' imprisonment based on his offense level of 35 and his criminal history category of I. (PSR 3.)

In its Sentencing Letter, the USPO recommended a sentence variance from the guidelines range; for a total of 84 months' imprisonment. (Sentencing Letter at 1.) The letter also recommended a 10 year period of supervised release. (Sentencing Letter at 1.)

///
///

**V. THE GOVERNMENT'S SENTENCING GUIDELINES CALCULATION**

The government agrees with the PSR's calculation of the base offense level and the addition of specific offense characteristics.

| | | | |
|---|---|---|---|
| Base Offense Level | : | 32 | [U.S.S.G. § 2G2.1(a)] |
| Specific Offense Characteristics | | | |
| Age of Victim | : | +2 | [U.S.S.G. § 2G2.1(b)(1)(B)] |
| Sexual Act | : | +2 | [U.S.S.G. § 2G2.1(b)(2)(A)] |
| Use of Computer | : | +2 | [U.S.S.G. § 2G2.1(b)(6)(B)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. §§ 3E1.1(a), (b)] |

Accordingly, the government concurs with the USPO that the applicable guidelines range is 168 to 210 months' imprisonment.

**VI. VICTIM IMPACT STATEMENTS**

As of the date of this filing, the government has not received a victim impact statement nor a restitution request in connection with this case.

**VII. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court impose the following sentence: a below-Guidelines sentence of 96 months' imprisonment, followed by 10 years of supervised release, and a special assessment of $100. In this case, the government is recommending a downward variance due to the defendant's cooperativeness during the investigation, his young age, especially

relative to the victim's age, his personal circumstances and health issues, and his lack of criminal history.[1]

In aggravation, however, the victim was young, immature, and susceptible. Moreover, defendant was approximately 8 years older than the victim, a significant difference given the victim's young age during the relationship. Despite the disparity in their age, defendant made efforts to maintain a relationship with the victim and indeed continued a relationship with the victim for approximately two years. Additionally, defendant further took advantage of the victim's immaturity and susceptibility by having the victim send sexual images and videos of herself during the relationship. Defendant, however, went beyond just communicating by telephone and over the internet; he took steps to contact the victim in person. Defendant traveled from California to the United Kingdom to engage in sexual activity with the victim, who was then 15 years old. Specifically, upon meeting the victim, defendant had her orally copulate him and went even further by video-recording the abuse. Defendant then maintained a copy of the video until it was recovered during the investigation, approximately 2 to 3 years after creating it. Defendant's sexual interest in this minor was not isolated; his personal child pornography collection shows that he had a sexual interest in minors more generally. In sum, defendant's actions in this offense require substantial punishment and the government's recommendation of 96 months' imprisonment imposes that punishment.

---

[1] The arguments and information presented in this sentencing position are meant to support the government's request for a sentence of 96 months' imprisonment followed by 10 years of supervised release. Nothing in this pleading is meant to suggest that a more severe sentence is necessary in light of the § 3553(a) factors.

Furthermore, the government's request of 10 years of supervised release will afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

These aggravating circumstances aside, the government agrees with probation that downward variance below the guidelines range is supported by mitigating circumstances, including defendant's complete lack of criminal history and the personal circumstances and health issues described in detail in the PSR and the recommendation letter. That said, as recognized by probation, defendant was sophisticated and independent enough to carry out this offense notwithstanding his personal issues and limitations.

**VIII. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 96 months' imprisonment, followed by a 10 year period of supervised release, and a special assessment of $100.